(115 App. Div. 33)

### BAYLES v. CLARK et al.

(Supreme Court, Appellate Division, Second Department. September 28, 1906.)

1. LANDLORD AND TENANT—LEASE—VALIDITY—FRAUDULENT REPRESENTATIONS —FALSITY AND KNOWLEDGE.

On the issue of the fraud of a landlord as inducing a tenant to rent, it appeared that the landlord represented that the house, showing evidences of being out of repair so that the roof leaked, had been repaired, and that it was all right. It did not appear that the representation was false to the knowledge of the landlord. Repairs had been made on the house, and there was nothing to show that the plaintiff did not have reason to believe that the repairs had accomplished the purpose. *Held*, that the landlord was not guilty of fraudulent representations.

2. SAME—INJURY FROM FRAUD.

A tenant entered into possession of premises under a verbal lease for a year and paid a month's rent. The landlord was not guilty of any false representations prior to the tenant entering into possession. The tenant alleged that the landlord made false representations as an inducement to the signing of a lease for the year according to the terms of the verbal lease. *Held*, that the representations did not alter the relations of the parties, and could not be urged as a defense to an action for rent.

Appeal from Suffolk County Court.

Action by John R. Bayles against John G. Clark and another. From a judgment in favor of defendants for costs, and from an order denying a motion for a new trial on the minutes, plaintiff appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, HOOKER, MILLER, and GAYNOR, JJ.

Leslie A. Davis (Charles H. Street, on the brief), for appellant.
Rowland Miles, for respondents.

WOODWARD, J. This action was brought to recover $150 rent for certain premises situated at Echo, Suffolk county. The action was brought in Justice's Court, resulting in a verdict for the plaintiff. On an appeal for a new trial in the County Court, the trial was held on the 11th day of December, 1905, resulting in a verdict for the plaintiff for $25, and, as this did not carry costs, the plaintiff is appealing from the judgment entered against him for the sum of $48.28. The undisputed facts are that the plaintiff was the owner of the

premises demised to the defendants; that the defendants, some time prior to the 15th day of May, 1903, visited the premises and examined them, with a view of renting the same; that they looked through the house, no effort being made to prevent them going into any part of the same, and that they agreed to take the same at the price then named by the plaintiff; that they did enter into possession of the premises on the 15th day of May, 1903, paying $25 in advance; that on the 25th day of May the parties entered into a written lease which recited that the term was to commence on the 15th day of May, 1903, and to end on the 14th day of May one year later. There was also embodied in this lease an option to purchase, but it has no bearing upon the question here involved. The defendants, who were in possession under the conditions which were afterward embodied in the written lease, remained in possession, paying rent, except for one month, up to "just before" September 15, 1903, when they delivered the key of the house, not to the plaintiff's agent or himself, but to the village postmaster, and abandoned the premises. The defense now urged, and which counsel concedes was the theory upon which the case was tried, is that the plaintiff was guilty of fraudulent misrepresentations, inducing the defendants to sign the lease under such misrepresentations, and the jury has found in favor of the defendants, except as to the one month which the premises were occupied, and for which no rent was paid, and the plaintiff appeals from the judgment.

The fraudulent representations alleged, and which may be deemed to have been established, consisted in the plaintiff stating that the house, which showed evidences of being out of repair so that the roof leaked, had been repaired and that it was now all right. There is no evidence whatever that this representation was false to the knowledge of the plaintiff. It is not questioned that repairs had been made, and there is no evidence that the plaintiff did not have reason to believe the repairs had accomplished the purpose. There is some evidence that the roof did in fact leak after the defendants had been in possession for some time; but there was no covenant in the lease that the premises were in good repair, or that they were fit for the purpose intended, and, it being conceded that the premises had undergone repairs, it is difficult to understand how, under the evidence, the plaintiff can be said to have been guilty of fraudulent misrepresentations, as that term is understood in the jurisprudence of this state. But, independently of this, we are of opinion that the defendants are not in a position to urge the alleged fraud. They entered into possession and paid one month's rent on the 15th day of May. Their term dated from that day, and the contract was complete when they had entered into possession and complied with the terms of rental which had been agreed upon. They were in possession under a verbal lease for a period of one year, and the contract had been fully performed on the part of the plaintiff, and was in the course of performance on the part of the defendants when the alleged false representations were made. In other words, if there had been no written lease at all, the defendants would have been liable for the rent for a period of one

year, and there is no pretense that there were any false representations prior to the defendants entering into possession on the 15th day of May, and the alleged misrepresentations as an inducement to the signing of the lease are of no importance, for the lease was merely a written confirmation of the verbal letting, which had already ripened into a complete obligation on the part of the defendants. It seems entirely clear to us that the alleged false representations were not fraudulent, that they were not made in bad faith, and that, if they were, they did not alter the relations of the parties in the slightest degree, and that they cannot be urged as a defense to the plaintiff's claim for rentals up to the time that he took possession of the premises and sold the same, after the defendants had abandoned them.

The learned court in its charge to the jury injected some matters in reference to the statute which permits tenants to surrender premises which have become untenantable owing to the action of the elements; but this has obviously nothing to do with the case at bar, where there can be no doubt that, if the roof actually leaked as it is claimed, the condition existed at the time the defendants went into possession. It is not necessary to discuss this question, as there was no exception to the main charge where this matter occurred; but it serves to show that the plaintiff was wronged by a submission of the question to the jury, and justifies a reversal of the judgment. The plaintiff moved for the direction of a verdict in his favor for the amount of the claim, and the evidence did not justify any other disposition of the case. It was error to let the jury speculate upon a question, where there was no dispute as to the material facts, and the facts of this case do not constitute a defense to the plaintiff's cause of action.

The judgment and order of the County Court of Suffolk county should be reversed, and a new trial ordered; costs to abide the event. All concur; HOOKER, J., in result.